John W. Martin, Jr., and Mary Ann Martin v. Commissioner. John W. Martin, Sr. v. Commissioner.
Martin v. Commissioner
Docket Nos. 846-62, 847-62.
United States Tax Court
T.C. Memo 1964-201; 1964 Tax Ct. Memo LEXIS 137; 23 T.C.M. (CCH) 1217; T.C.M. (RIA) 64201; July 23, 1964
Richard H. Foster, for the petitioners. Roger A. Pott, for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent has determined defi iencies in the income tax of the petitioners for 1953 as follows: Docket
Petitioner
No.
Deficiency
John W. Martin, Jr., and
Mary Ann Martin
846-62
$29,588.60
John W. Martin, Sr.
847-62
34,000.64 In amended answers the respondent has moved for an increase of $854.02 in the deficiency determined against petitioners John W. Martin, Jr., and Mary Ann Martin and for an increase of $6,181.90 in the deficiency determined against petitioner John W. Martin, Sr. The single issue for determination is whether for the purpose of computing the amounts of net operating losses sustained by petitioners in 1955 to be carried back to 1953, J. W. *138 Martin & Son, a partnership in which John W. Martin, Sr., and John W. Martin, Jr., were equal partners, was entitled for its fiscal year ended March 31, 1955, to a deduction of $107,898.68 as its basis of certain growing crops which were acquired at the time of formation of the partnership in that fiscal year and later in the same year were harvested and sold by the partnership. All of the facts have been stipulated and are found as stipulated. John W. Martin, Jr., and Mary Ann Martin, husband and wife, resided in Salinas, California, during the calendar years 1953, 1954, and 1955 and filed their Joint Federal income tax returns for those years with the district director In San Francisco, California. During the calendar years 1953, 1954, and 1955 John W. Martin, Sr., resided in Salinas, California. For 1953 he filed a Federal income tax return which was not a joint return. For 1954 and 1955 he and his wife, Jacqueline Martin, filed joint Federal income tax returns. The returns for the 3 years were filed with the district director in San Francisco, California. On February 7, 1951, and by a written agreement, John W. Martin,Sr., sometimes hereinafter referred to as John, Sr., and *139 his two sons, John W. Martin, Jr., sometimes hereinafter referred to as John, Jr., and James R. Martin, sometimes hereinafter referred to as James, formed a partnership under the name of J. W. Martin & Sons. Under the specific terms of the agreement the partnership was terminable at will. The partnership had its principal place of business in Salinas, Monterey County, California, and engaged in general vegetable farming and conducted a produce packing business. The principal crop of the partnership was lettuce. Each of the partners owned a one-third interest in the partnership and they shared equally in its profits and losses The partnership maintained its records on the cash receipts and disbursements basis. Its annual accounting period was on a fiscal year basis ended on March 31 and it filed with the district director in San Francisco, California, partnership returns of income for its fiscal years accordingly. Since the partnership's fiscal year ended March 31 did not entirely coincide with its crop harvesting cycle, the greater portion of the growing expenses of its spring crops each year was incurred in one fiscal year, while the income from the sale of the crops when harvested *140 was realized in the subsequent fiscal year. Thus, as of April 1, 1954, the partnership had an investment of $323,696.04 in its then growing crops, the costs of which had been charged to expenses in the prior fiscal year of the partnership. Because of the method of accounting employed by the partnership, neither the investment in nor the value of the growing crops was reflected as an asset on the books of the partnership. On April 1, 1954, James desired to terminate his association as partner in the conduct of the business of the partnership of J. W. Martin and Sons and to dispose of his interest therein. John, Sr., and John, Jr., desired to dissolve the partnership and form a new one with only themselves as partners thereof to engage in only some of the business activities theretofore conducted by the existing partnership. Such being the situation, John, Sr., and John, Jr., who intended to dissolve the partnership of J. W. Martin & Sons, on April 1, 1954, entered into a written agreement with James whereby they purchased "share and share alike as equal tenants in common therein," James' entire one-third interest in the partnership as at the commencement of business of the partnership *141 on that date for $187,500 and agreed to hold James harmless from any loss whatsoever arising out of the business or activities of the partnership from the time of its inception until its dissolution. The terms of payment of the purchase price of $187,000 were as follows: (1) a downpayment of $26,587.14 represented by a noninterest-bearing promissory note executed for that amount by the purchasers and payable to James on demand to be delivered simultaneously with the sale, and (2) the balance, $160,912.86, to be paid in 10 annual installments of $16,000 each, or more at the election of the purchasers, beginning on August 31, 1955, with interest at the rate of 5 percent per annum on the declining balance until paid. Following their purchase of James' interest in the partnership of J. W. Martin & Sons, sometimes hereinafter referred to as the old partnership, John, Sr., and John, Jr., on the same day, April 1, 1954, dissolved that partnership and it ceased business. Entries were made in the partnership books closing the partnership accounts and John, Sr., and John, Jr., took over the assets and liabilities of the partnership. Subsequently a partnership return of income was filed for *142 the old partnership for a period ending April 1, 1954, which contained the following statement: "On April 1, 1954 John W. Martin, Sr. and John W. Martin, Jr, purchased the partnership equity of James R. Martin. This is the final return of the partnership of J. W. Martin & Sons." Following the dissolution of the old partnership on April 1, 1954, and on the same day, by a written agreement, John, Sr., and John, Jr., formed a new partnership beginning as of that date to transact business under the firm name and style of J. W. Martin & Son and sometimes hereinafter referred to as the new partnership. As required by the new partnership agreement, they, on the same day, contributed to the new partnership as the capital thereof the assets they had taken over from the old partnership subject to the liabilities of that partnership and partnership books were opened for the new partnership. The new partnership was formed for the purpose of engaging in the business of growing farm and agricultural products and farming was its principal business throughout its existence. Each of the partners owned a one-half interest in the new partnership and they shared equally in its profits and losses. *143 The partnership maintained its books on the cash receipts and disbursements basis and its annual accounting period closed on March 31. The partnership filed with the district director in San Francisco, California, partnership returns of income for the fiscal years ended March 31, 1955, and March 31, 1956, and for the final period April 1, 1956, through November 30, 1956. By mutual agreement John, Sr., and John, Jr., dissolved the new partnership at the close of business on November 30, 1956, closed its books as of that date, and took over the assets and liabilities of the partnership. They continued thereafter in possession of such assets throughout the remainder of 1956 and on an undisclosed date subsequent thereto transferred such assets subject to the liabilities to Martin Produce, Inc., the stock of which was solely and equally owned by them. At the time of the dissolution of the new partnership on November 30, 1956, John, Sr., and John, Jr., had made payments to James totaling $109,577.15 on the purchase price of $187,500 for his one-third interest in the old partnership, leaving a balance due thereon of $77,922.85. By January 31, 1957, John, Sr., and John, Jr., had reduced *144 their indebtedness to James to $77,122.85. On the latter date John, Sr., John, Jr., and James entered into a written agreement which provided that one-half of the foregoing amount of $77,122.85 was payable by John, Sr., and one-half by John, Jr., and further provided that such portions would be paid by them, respectively, in monthly installments of $666.66 each, or a total of $1,333.32 beginning March 1, 1957, and continuing until paid in full with interest at the rate of 5 percent per annum on declining balances of principal. On of the assets of the old partnership taken over by John, Sr., and John, Jr., upon the dissolution of that partnership on April 1, 1954, and contributed by them on that date to the capital of the new partnership was the growing crops of the old partnership, in which the old partnership had an investment of $323,696.04, which did not appear as an asset on the books of that partnership because that amount had been charged to expenses in the prior fiscal year of the old partnership. In opening the books of the new partnership the growing crops were entered hereon as an asset in the amount of $107,898.68, which amount was considered to be the portion of the purchase *145 price of $187,500 of James' interest in the old partnership that was properly allocable to the growing crops as their cost. Accordingly, in its partnership return of income for the fiscal year ended March 31, 1955, the year during which the growing crops were harvested and sold by the new partnership, it deducted $107,898.68 as the cost of such crops. The partnership return of income for the year disclosed a net loss from operations in the amount of $162,627.81, which in part resulted from the deduction by the partnership of $107,898.68 as cost of the growing crops. Of the reported partnership loss, $81,313.91 was shown in the partnership return as the distributive share of John, Sr., and $81,313.90 was shown as the distributive share of John, Jr. The foregoing respective amounts were reported by John, Sr., and John, Jr., in their income tax returns for the calendar year 1955 as their distributive shares of partnership loss. John, Sr., reported a net loss of $59,918.91 in his income tax return for 1955. On March 27, 1956, he filed an application for a tentative carryback adjustment to 1953 of a net operating loss of $52,767.59 for 1955 and on the basis thereof the respondent refunded *146 to him $40,182.54 of income tax paid by him for 1953. In his amended income tax return for 1955 John, Jr., reported a loss of $47,639.13. On October 2, 1956, he filed an application for a tentative carryback adjustment to 1953 of a net operating loss of $47,863.90 for 1955 and on the basis thereof the respondent refunded to him $30,442.62 of income tax paid for 1953. In determining the deficiencies in issue the respondent made the following determinations: (1) that on April 1, 1954, "the partnership known as J. W. Martin & Son, purchased the individual interest of one partner for $187,500" of which amount $107,898.68 or 57.55 percent was classified as cost of growing crops and was deducted in the partnership return of income filed by the partnership for the fiscal year ended March 31, 1955, (2) that the $107,898.68 was allocable to the growing crops and since the partnership reported its income on the basis of the cash receipts and disbursements method of accounting the deduction of $107,898.68 was allowable to the extent it had been paid during the foregoing fiscal year and was not allowable to the extent it had not been paid, (3) that the partnership was terminated on November 30, 1956, and *147 that cash and constructive payments toward satisfaction of the abovementioned purchase price of $187,500 were made as follows: during the partnership's fiscal year ended March 31, 1955, $27,500; during its fiscal year ended March 31, 1956, $10,644.64; during its fiscal period ended November 30, 1956, $5,333.32; during December 1956, $66,077.19, or a total of $109,577.15. On the basis of the foregoing the respondent further determined (1) that since in 1955 only $27,500 had been paid on the purchase price of $187,500, only 57.55 percent of the $27,500, or $15,826.24, was deductible by the partnership in 1955 on account of the growing crops and not $107,898.68 as deducted by the partnership, and (2) that since in 1956, $82,077.15 was paid on the purchase price of $187,500, 57.55 percent of $82,077.15, or $47,235.40 was deductible by the partnership in 1956 on account of such crops, whereas the partnership had taken no deduction in its 1956 returns on account of the growing crops, and (3) that the distributive shares of the partnership income or loss for the foregoing years were John, Sr., one-half, and John, Jr., one-half. Pointing out that for income tax purposes the income of a partnership *148 is computed as an entity separate and distinct from its members, the respondent takes the position in his amended answers as well as on brief that on April 1, 1954, James' one-third interest in the old partnership was purchased by John, Sr., and John, Jr., for $187,500; that except for changing the name of the partnership to J. W. Martin & Son, John, Sr., and John, Jr., as the remaining members of the partnership, continued that partnership and conducted its business and operations in the same manner and form and with the same assets as before; that while the purchase of James' interest in the partnership enlarged the interests of John, Sr., and John, Jr., in the partnership from one-third each to one-half each and enlarged their investments in their respective partnership interests, it did not increase the quantum of the assets of the partnership and did not in anywise increase the basis or cost to the partnership of any of the partnership assets, particularly the cost of the growing crops; and that therefore since the partnership had deducted as expenses in its previous fiscal year the full cost to it of the growing crops it was not entitled under the Internal Revenue Code of 1939 *149 to deduct for its fiscal year ended March 31, 1955, the portion of the purchase price of James' interest in the partnership allocated to the growing crops, $107,898.68, or any part thereof. [1] In support of his position the respondent relies on Robert E. Ford, 6 T.C. 499 (1946); Anderson v. United States, 232 F. 2d 794 (C.A. 9, 1956); and Victor A. Miller, 32 T.C. 954 (1959). In determining the deficiencies in issue the respondent determined that on April 1, 1954, "the partnership known as J. W. Martin & Son purchased the individual interest of a partner for $187,500," that of the $187,500, the amount of $107,898.68 was allocable to the growing crops as the cost thereof, that to the extent the purchase price was paid during its fiscal years 1955 and 1956, portions of the $107,898.68 *150 were allowable deductions to the partnership and accordingly held that $15,826.24 was deductible by the partnership in 1955 on account of the growing crops and $47,235.40 was deductible in 1956 on account of such crops. The petitioners take the position that the full amount of the $107,898.68 was deductible by the partnership for its fiscal year ended March 31, 1955. A consideration of the respondent's present position in connection with his determination disclose that he now recognizes that it was John, Sr., and John, Jr., who purchased the interest of James in the old partnership for $187,500 and not the old partnership that purchased such interest, that he now urges that such purchasers continued the old partnership in existence and conducted its business and operations as before and that although they made an investment of $187,500 for James' interest and thereby enlarged their interests in the partnerships, such investment did not serve to increase the basis of the partnership in the growing crops. We have found that the old partnership was formed on February 7, 1951, pursuant to a partnership agreement which specifically provided that the partnership was terminable at will, *151 that on April 1, 1954, James desired to terminate his association as a partner in the conduct of the business of the old partnership and to dispose of his interest in that partnership; that John, Sr., and John, Jr., desired to dissolve the old partnership and form a new partnership with themselves as the partners thereof; that on April 1, 1954, they purchased James' one-third interest in the old partnership, dissolved that partnership which thereupon ceased business, took over its assets and liabilities, formed the new partnership with only themselves as the partners therein, transferred to the new partnership the assets and liabilities they had taken over from the old partnership upon its dissolution, and that thereafter the new partnership carried on business until its dissolution by John, Sr., and John, Jr., on November 30, 1956, at which time they took over its assets and liabilities. Since the old partnership was terminable at will and accordingly was dissolved on and thereupon ceased business on April 1, 1954, a date prior to the applicable date of the provision of section 708 of the Code of 1954 relating to the continuation of partnerships, the provisions of the 1939 Code are *152 applicable here and accordingly we are unable to sustain the respondent's position that from and after April 1, 1954, John, Sr., and John, Jr., continued the old partnership and conducted its business as before. The respondent's position that from and after April 1, 1954, John, Sr., and John, Jr., continued the old partnership and conducted its business as before is predicated on his amended answers, the material portions of which were denied by petitioners in their replies, and as to which he accordingly had the burden of proof. He has failed to discharge that burden. As a consequence we are unable to sustain the remainder of his position, which is grounded on a factual situation not shown to be present herein, and to conclude that the new partnership was not entitled to deduct any amount on account of growing crops. The respondent has determined that of the purchase price of James' one-third interest in the old partnership, $187,500, the amount of $107,898.68 was allocable to growing crops. There is no evidence to indicate that any other or different amount was properly so allocable. Accordingly $107,898.68 is to be regarded as the cost or basis to John, Sr., and John, Jr., of *153 the growing crops included in the assets of the old partnership which were taken over by them upon its dissolution. Upon the transfer to the new partnership as partnership capital by John. Sr., and John, Jr., of the assets they had taken over from the old partnership, which included the growing crops, the basis of such crops to the new partnership was the same as it had been to John, Sr., and John, Jr., namely, $107,898.68. Section 113(a)(13), I.R.C. 1939. After the growing crops had been transferred to the new partnership, they upon maturity were harvested and sold and the proceeds therefrom were reported by the new partnership in its partnership return of income for the fiscal year ended March 31, 1955, along with the other income the new partnership had received from its business during that fiscal year. In determining the deficiencies the respondent based his allowance of a portion of the deduction of the $107,898.68 to the partnership upon the extent to which the purchase price of $187,898.68 had been paid for the one-third interest in the old partnership. Such one-third interest was acquired pursuant to a written agreement executed April 1, 1954, wherein John, Sr., and John, *154 Jr., specifically agreed to pay $187,898.68 for such interest, payable over a 10-year period ending in 1964. By January 31, 1957, $109,577.15 had been paid on the purchase price and at that time a new agreement was entered into between James and John, Sr., and John, Jr., which provided for the payment of the balance thereafter of stated sums monthly beginning March 1, 1957, which would complete payment of the balance by the end of 1961. The respondent makes no contention herein, nor is there any indication in the record, that payment in full of the balance of the purchase price was not completed by or before the end of 1961 as provided in the agreement of January 31, 1957. Consequently in our discussion in the preceding paragraph we have regarded $187,500 as the cost to John, Sr., and John, Jr., of the one-third interest in question of the old partnership and $107,898.68 as the cost to them of the growing crops and as the basis to the new partnership of such crops. Cf. Edward W. Edwards, 19 T.C. 275 (1952) wherein it was said: Section 113(a) of the Code [of 1939] provides that the unadjusted basis of property "shall be the cost of such property." The regulations do *155 not define the term "cost," so we must look elsewhere for a definition. Cost, as defined in Webster's New International Dictionary, is "the amount or equivalent paid, or given, or charged, or engaged to be paid or given for anything bought or taken in barter or for service rendered." More succinctly and for our purposes, cost of the stock is the amount petitioner paid Paragon for the stock. This is the cost to petitioner. See Detroit Edison Co. v. Commissioner, 319 U.S. 98. * * * The cases of Robert E. Ford, supra; Anderson v. United States, supra, and Victor A. Miller, supra, relied on by respondent are not applicable and controlling here because of their factual differences. The new partnership was engaged in farming throughout its existence and kept its books on the cash receipts and disbursements basis. A taxpayer so engaged and keeping its books on such basis and who purchases growing plants and shrubs and thereafter sells them may deduct the cost thereof only in the year in which he sells them. W. Cleve Stokes, 22 T.C. 415 (1954). In our opinion the foregoing rule is applicable here. Since during its fiscal *156 year ended March 31, 1955, the partnership acquired the growing crops at a basis to it of $107,898.68 and thereafter during the same fiscal year harvested and sold the crops, it was entitled to a deduction in that year of the foregoing amount in its entirety. A recomputation of the distributive shares of John, Sr., and John, Jr., in the net loss of the new partnership for its fiscal year ended March 31, 1953, will be made accordingly. Decisions will be entered under Rule 50. Footnotes
1. By section 771(a) of the Code of 1954 the partnership provisions of that Code are made applicable generally to years beginning after December 31, 1954. However section 771(b) of the Code makes the provisions of section 708, relating to the continuation of a partnership, applicable to years beginning after April 1, 1954, i.e., on April 2, 1954, or after.↩